IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | |
| Plaintiff, | |
| v. | 1:16-cv-2715-WSD |
| **MATTHEW E. WHITE, RODNEY A. ZEHNER, DANIEL J. MERANDI, WHITE INVESTMENT GROUPS AND EQUITIES, LLC, THE GRAND EMPIRE PALACE AND RESORT, LLC, GEPR INVESTMENTS TRUST NO. 1, GEPR INVESTMENTS, LLC, M&M FINANCIAL LLC, MOUNTAINEER DEVELOPMENT & CONSTRUCTION GROUP, LLC,** | |
| Defendants. | |

**ORDER**

This matter is before the Court on Plaintiff Securities and Exchange Commission's ("Commission" or "SEC") application for a temporary restraining order (1) freezing assets; (2) forbidding sale of bonds or other securities; (3) preventing document alteration or destruction; (4) expediting discovery in this action; and (5) requiring Defendants to show cause why the Court should not issue a Preliminary Injunction and impose other relief against them.

The Court, having considered the Complaint in this action, the SEC's motion for a temporary restraining order, and the documents submitted in support of the request for a temporary restraining order, finds as follows:

A. The Court has jurisdiction over the subject matter of this action and over the Defendants.

B. The Commission has made a sufficient and proper showing in support of a limited subset of the relief requested, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)] and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78u(b)).  The Commissioner presented sufficient evidence establishing a prima facie case that the Defendants, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in certain acts, practices, and courses of business constituting violations of Section 17(a) of the Securities Act [15 U.S.C. §17q(a)], Section 10(b) of the Exchange Act ("Exchange Act") [15 U.S.C. § 78j(b)], and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

C. There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendants will dissipate, conceal, or transfer assets maintained in Account Number 867-814165, held in the name of M&M

        Financial LLC, at TD Ameritrade, which could be the subject of an order directing disgorgement or the payment of civil money penalties in this action.  The Commissioner also presented sufficient evidence that the bonds identified by Symbol 36162VAA7 and Symbol 36162VAB5, maintained in Account Number N499 3221-8895, held in the name of White Investment Groups & Equities, LLC, at NMS Capital Advisors, LLC, are expired and may not be sold, transferred, encumbered, used or represented as having any value.  It is appropriate, therefore, for the Court to issue this Temporary Restraining Order so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets, and to enjoin the sale, transfer, use or representations of value of the bonds.

D.      There is also good cause to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

Accordingly,

## I.

**IT IS HEREBY ORDERED** that, until further order of the Court:

A.      The amount noted as cash in Account Number 867-814165, held in the name of M&M Financial LLC, at TD Ameritrade (the "Cash"), is hereby frozen.

B. Defendants and their agents, servants, employees, attorneys-in-fact, and each person in active concert or participation with them who receives actual notice of this Order by personal service or otherwise, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever, of the Cash.

C. Any financial or brokerage institution, including TD Ameritrade, or other person or entity holding the Cash, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of the Cash, except as otherwise ordered by this Court.

D. The bonds identified by Symbol 36162VAA7 and Symbol 36162VAB5, in Account Number N499 3221-8895, held in the name of White Investment Groups & Equities, LLC, at NMS Capital Advisors, LLC (the "Bonds"), shall not be sold, transferred, encumbered, used or in any way represented to have any value. Specifically, NMS Capital Advisors, LLC, shall not transfer or credit the Bonds as having any value nor shall it allow the Bonds to be used in any way to authorize margin draws by any person.

## II.

**IT IS FURTHER ORDERED** that each Defendant shall submit, in writing, to this Court and the Commission, within three (3) business days following service of this Order, the following identifying information:

A. The names, business and residence addresses, postal box numbers, telephone numbers, facsimile numbers, and e-mail addresses of every person who has authority or may exercise control of the entity Defendants; and

B. Each account with any financial institution or brokerage firm maintained in any Defendant's name or held for any Defendant's direct or indirect beneficial interest, during the period January 1, 2012, through the present.

## III.

**IT IS FURTHER ORDERED** that Defendants and their agents, servants, employees, attorneys-in-fact, and each person in active concert or participation with them who receives actual notice of this Order by personal service, delivery, public dissemination, or otherwise, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to the matter alleged, and the transactions described, in the Complaint in this action, including any transfer or sale of the GEPR bonds. As used in this order, "document" means the original and all non-identical copies

(whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, correspondence, memoranda, minutes, telephone records, emails, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

## IV.

**IT IS FURTHER ORDERED** that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order, and all documents filed in this action required to be served shall be served personally, by overnight courier, by email, or as this Court may otherwise direct.

## V.

**IT IS FURTHER ORDERED** that, the Commission's application for expedited discovery concerning the Defendants, their assets and activities, is granted, and discovery shall proceed as follows:

A. Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination on two (2) days' notice of the deposition.  Depositions may be taken Monday through

Saturday. As to the Defendants and their agents, servants, promoters, employees, brokers, associates, and any person who transferred money to or received money from the bank accounts identified above, the Commission may depose such witnesses after serving a deposition notice on the deponent by hand, overnight courier, email, or as the Court otherwise orders. A subpoena is not required to be served. Depositions that have not been signed by the witness may be used for purposes of the hearing on the Commission's application for a preliminary injunction;

B. Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, each Defendant shall answer the Commission's interrogatories within seven (7) days of service of the interrogatories on Defendant;

C. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each Defendant shall produce each document requested by the Commission within seven (7) days of service of the document request. Documents shall be produced by sending copies of the documents to Harry Roback, U.S. Securities & Exchange Commission, such other person or place as counsel for the Commission may direct in writing, or in the manner allowed by Rule 34(b);

D. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, each

      Defendant shall respond to the Commission's request for admissions within ten (10) days of such requests; and

E.     All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand, overnight courier, email, or as the Court otherwise orders, to the Commission to the attention of Harry Roback, or such other place and person as counsel for the Commission may direct in writing.

F.     The parties shall complete discovery on or before August 26, 2016.

## VI.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon each Defendant, and each of their agents, servants, employees, attorneys-in-fact, and each person in active concert or participation with them who receives actual notice of this Order by service in accordance with Section IV of this Order, or otherwise.

## VII.

**IT IS FURTHER ORDERED** that the Court shall hold, at 1 p.m. on August 3, 2016, a teleconference to discuss with the parties the schedule for future hearings in this matter.

## VIII.

**IT IS FURTHER ORDERED** that each Defendant shall prepare and present to this Court and to the Commission a sworn description and source of all funds received, directly or indirectly, by that Defendant pursuant to the transactions and means described in the Commission's Complaint and of the disposition and use of such funds.  This description and source information shall include, but not be limited to, the identification of the name and address of each investor (purchaser or recipient of the GEPR bonds) or other source of funds; the amount each investor invested and the number of GEPR bonds, if any, transferred to them; the total amount received from investors for the GEPR bonds; the amount received from other sources; the date each investment was made or on which funds were received; and an explanation of what happened to each investor's or other source's funds.  The descriptions and source information shall be submitted to this Court and served upon the Commission within seven (7) days from the date of entry of this Order.

## IX.

**IT IS FURTHER ORDERED** that, pending further order of the Court, Defendants and their agents, servants, employees, attorneys and those persons in active concert or participation with them, are restrained from, directly or indirectly,

in connection with the purchase or sale or in the offer or sale of any bond or other security issued for or related to in any way to the Grand Empire Palace and Resort ("GEPR"), or any entity acting for or with GEPR, by use of any means or instrumentalities of interstate commerce or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange, and are restrained from, directly or indirectly:

A. Employing any device, scheme, or artifice to defraud;

B. Engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

C. Obtaining money or property by means of an untrue statement of a material fact, or omitting to state a material fact necessary to make the statements, in the light of the circumstances under which they were made, not misleading; or

D. Making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading, in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5], thereunder,

by directly or indirectly, (1) creating a false appearance or otherwise deceiving any person or (ii) disseminating false or misleading documents, materials, or information or making either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about the GEPR bonds or any other security.

## X.

**IT IS FURTHER ORDERED** that any brokerage institution, financial institution, bank, savings and loan, mutual fund, or any other person, partnership, or corporation maintaining or having custody or control of any brokerage or deposit account or other assets of any of the Defendants that receives actual notice of this order by personal service, overnight courier service, email, or public dissemination, shall, within seven (7) business days of receipt of that notice, file with the Court and serve on counsel for the Commission a certified statement setting forth, for each account or other asset, the balance in the account or a description of the assets as of the close of business on the date of receipt of the notice.

## XI.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED** this 27th day of July, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE