UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

     Plaintiff,

     v.

MATTHEW E. WHITE,

RODNEY A. ZEHNER,

DANIEL J. MERANDI,

WHITE INVESTMENT GROUPS AND
EQUITIES, LLC,

THE GRAND EMPIRE PALACE AND
RESORT, LLC,

GEPR INVESTMENTS TRUST No. 1,

GEPR INVESTMENTS, LLC,

M&M FINANCIAL, LLC, and

MOUNTAINEER DEVELOPMENT &
CONSTRUCTION GROUP, LLC

     Defendants.

Civil Action Number
1:16-cv-2715-WSD

**FINAL JUDGMENT AS TO DEFENDANTS MATTHEW E. WHITE,
RODNEY A. ZEHNER, WHITE INVESTMENT GROUPS AND EQUITIES,
LLC, THE GRAND EMPIRE PALACE AND RESORT, LLC, GEPR
INVESTMENTS TRUST No. 1, AND GEPR INVESTMENTS, LLC**

The Securities and Exchange Commission having filed a Complaint and

Defendants Matthew E. White, Rodney A. Zehner, White Investment Groups and

Equities, LLC, The Grand Empire Palace and Resort, LLC, GEPR Investments

Trust No. 1, and GEPR Investments, LLC (collectively the "Defendants"), having

entered a general appearance; consented to the Court's jurisdiction over

Defendants and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as

to jurisdiction and except as otherwise provided herein in paragraph VIII); waived

findings of fact and conclusions of law; and waived any right to appeal from this

Final Judgment:

## I.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendants and

Defendants' agents, servants, employees, attorneys, and all persons in active

concert or participation with them who receive actual notice of this Final Judgment

by personal service or otherwise are permanently restrained and enjoined from

violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of

1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17

C.F.R. § 240.10b-5], by using any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

      (a)     to employ any device, scheme, or artifice to defraud;

(b)      to make any untrue statement of a material fact, or to omit to state a

material fact necessary in order to make the statements made, in the light of

the circumstances under which they were made, not misleading, or

(c)      to engage in any act, practice, or course of business which operates or

would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any

person, or (ii) disseminating false or misleading documents, materials, or

information or making, either orally or in writing, any false or misleading

statement in any communication with any investor or prospective investor, about:

(A) any investment in or offering of securities,

(B) the registration status of such offering or of such securities,

(C) the prospects for success of any product or company,

(D) the use of investor funds;

(E) the misappropriation of investor funds or investment proceeds; or

(F)  the price or trading market for any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Final Judgment by personal

service or otherwise:  (a) Defendants' officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any

person, or (ii) disseminating false or misleading documents, materials, or

information or making, either orally or in writing, any false or misleading

statement in any communication with any investor or prospective investor, about:

        (A) any investment in or offering of securities,

        (B) the registration status of such offering or of such securities,

        (C) the prospects for success of any product or company,

        (D) the use of investor funds;

        (E) the misappropriation of investor funds or investment proceeds; or

        (F)  the price or trading market for any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Final Judgment by personal

service or otherwise:  (a) Defendants' officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendants

or with anyone described in (a).

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendants are permanently enjoined from directly or indirectly, including, but not

limited to, through any entity owned or controlled by Defendants, participating in

the issuance, purchase, offer, or sale of any security; provided, however, that this injunction shall not prevent Defendants White and Zehner from purchasing or selling securities for their own personal account.

## IV.

### A. DEFENDANTS MATTHEW WHITE, THE GRAND PALACE AND RESORT, LLC, AND WHITE INVESTMENT GROUPS AND EQUITIES, LLC

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants White, The Grand Empire Palace and Resort, LLC, and White Investment Groups and Equities, LLC are jointly and severally liable for disgorgement of $735,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $65,753, for a total of $800,753.  Defendants White, The Grand Empire Palace and Resort, LLC, and White Investment Groups and Equities, LLC shall satisfy this obligation by paying $800,753 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.  In addition, Defendant White Investment Groups and Equities, LLC agrees to transfer the full value of account number 3221-8995 at NMS Capital Advisors, LLC, which is approximately $11,163, to the Commission as partial satisfaction of the disgorgement amount Defendant White has agreed to pay

6

Defendants White, The Grand Empire Palace and Resort, LLC, and White Investment Groups and Equities, LLC may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants White, The Grand Empire Palace and Resort, LLC, and White Investment Groups and Equities, LLC may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendants Matthew White, The Grand Empire Palace and Resort, LLC, and White Investment Groups and Equities, LLC as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants White, The Grand Empire Palace and Resort, LLC, and White Investment Groups and Equities, LLC shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendants White, The Grand

7

Empire Palace and Resort, LLC, and White Investment Groups and Equities, LLC relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants White, The Grand Empire Palace and Resort, LLC, and White Investment Groups and Equities, LLC.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendants White, The Grand Empire Palace and Resort, LLC, and White Investment Groups and Equities, LLC shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

B. DEFENDANTS RODNEY ZEHNER, GEPR INVESTMENTS TRUST
No. 1, and GEPR INVESTMENTS, LLC

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Zehner, GEPR Investments Trust No. 1., and GEPR Investments,

LLC are jointly and severally liable for disgorgement of $735,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $65,753, for a total of $800,753. Defendants Zehner, GEPR Investments Trust No. 1., and GEPR Investments, LLC shall satisfy this obligation by paying $800,753 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants Zehner, GEPR Investments Trust No. 1., and GEPR Investments, LLC may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants Zehner, GEPR Investments Trust No. 1., and GEPR Investments, LLC may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendants Zehner, GEPR Investments Trust No. 1., and GEPR Investments, LLC as defendants in this action; and specifying that payment

is made pursuant to this Final Judgment.

Defendants Zehner, GEPR Investments Trust No. 1., and GEPR Investments, LLC shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendants Zehner, GEPR Investments Trust No. 1., and GEPR Investments, LLC relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants Zehner, GEPR Investments Trust No. 1., and GEPR Investments, LLC.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendants Zehner, GEPR Investments Trust No. 1., and GEPR Investments, LLC shall pay post judgment interest on any delinquent amounts

pursuant to 28 U.S.C. § 1961.

V.

A. <u>DEFENDANT MATTHEW WHITE</u>

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that
Defendant White shall pay a civil penalty in the amount of $150,000 to the
Securities and Exchange Commission pursuant to Section 21(d) of the Exchange
Act [15 U.S.C. § 78u(d)] and Section 20(d) of the Securities Act [15 U.S.C. §
77t(d)].  Defendant White shall make this payment within 14 days after entry of
this Final Judgment.

Defendant White may transmit payment electronically to the Commission,
which will provide detailed ACH transfer/Fedwire instructions upon request.
Payment may also be made directly from a bank account via Pay.gov through the
SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant White may
also pay by certified check, bank cashier's check, or United States postal money
order payable to the Securities and Exchange Commission, which shall be
delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number,

and name of this Court; Defendant White as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant White shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant White relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant White shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

B. RODNEY ZEHNER

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Zehner shall pay a civil penalty in the amount of $150,000 to the Securities and Exchange Commission pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Defendant Zehner shall make this payment within 14 days after entry of this Final Judgment.

Defendant Zehner may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the

12

SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant Zehner may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant Zehner as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Zehner shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant Zehner relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.  Defendant Zehner shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

13

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

Defendants shall within 7 days after entry of this Final Judgment:

Take all steps necessary as provided in the Trust Indenture and other applicable documents to cancel the GEPR bonds and remove them from circulation in the marketplace, including providing written notice to the Trustee of the amount of pending deliverables that were not delivered by Grand Empire Palace and Resorts, LLC as described in § 2.07(g) of the Trust Indenture; Defendants shall surrender all GEPR bonds for cancellation and instruct the Securities Depository to cancel the GEPR bonds.  The Defendants' account at NMS Capital shall remain frozen in accordance with the Court's prior order so that the GEPR bonds are not removed from that account until such time as they have been canceled.

Defendants will certify, in writing, compliance with the undertakings set forth above.  The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance.  The Commission staff may make reasonable requests for

14

further evidence of compliance, and Defendants agree to provide such evidence. Defendants shall submit the certification and supporting material to Matthew F. McNamara, Assistant Regional Director of the Atlanta Regional Office of the Commission, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

SO ORDERED this 20th day of March, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

16