IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>MATTHEW E. WHITE,<br>RODNEY A. ZEHNER,<br>DANIEL J. MERANDI,<br>WHITE INVESTMENT GROUPS AND EQUITIES, LLC,<br>THE GRAND EMPIRE PALACE AND RESORT, LLC,<br>GEPR INVESTMENTS TRUST No. 1,<br>GEPR INVESTMENTS, LLC,<br>M&M FINANCIAL, LLC, and<br>MOUNTAINEER DEVELOPMENT & CONSTRUCTION GROUP, LLC,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:16-cv-02715-TWT |

**PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S MOTION TO APPOINT A TAX ADMINISTRATOR AND TO AUTHORIZE FUTURE PAYMENTS OF TAX OBLIGATIONS AND FEES AND EXPENSES**

The United States Securities and Exchange Commission ("SEC" or "Commission") moves the Court to appoint Miller Kaplan Arase LLP ("Miller Kaplan"), a certified public accounting firm located in San Francisco, California, as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, and to authorize payment of future taxes, fees, and expenses of the tax administrator, with respect to funds under this Court's jurisdiction in this case.

## Background

On July 27, 2016, the Commission filed a Complaint against Matthew White ("White"), Rodney Zehner ("Zehner"), Daniel Merandi ("Merandi"), White Investment Groups and Equites, LLC ("WIGEL"), The Grand Empire Palace and Resort, LLC ("Grand Empire"), GEPR Investments Trust No. 1 ("GEPR Trust"); GEPR Investments, LLC ("GEPR Investments"), M&M Financial LLC ("M&M Financial"), and Mountaineer Development & Construction Group, LLC ("Mountaineer"), (collectively, "Defendants").  According to the Complaint, Defendants raised $5.6 million in a bond offering and misappropriated the proceeds for their own personal use.

On July 27, 2016, the Court issued a temporary restraining order, which, among other relief, froze Defendants' assets, including certain investment accounts [Docket 5].

On March 21, 2017, the Court entered a Final Judgment [Docket 40] against Defendants White, Zehner, WIGEL, Grand Empire, GEPR Trust, and GEPR Investments (the "White Judgment"), finding these defendants jointly and severally liable for disgorgement of $735,000 together with prejudgment interest in the amount of $65,753 for a total amount of $800,753.  The White Judgment also imposed civil monetary penalties of $150,000 each on White and Zehner and further ordered that WIGEL transfer the full value of the account number 3221-8995 at NMS Capital Advisers, LLC to the Commission as partial satisfaction of this judgment.  WIGEL failed to transfer the funds in the account.  Upon motion by the SEC, on June 19, 2019, the Court entered an Order Directing the Turnover of Funds Held by NMS Capital Advisers, LLC to the SEC [Docket 50].

On May 1, 2017, this Court entered a Final Judgment [Docket 43] against Defendants Merandi, M&M Financial, and Mountaineer (the "Merandi Judgment"). The Merandi Judgment found these defendants jointly and severally liable for disgorgement of $4,060,000 together with prejudgment interest in the amount of $387,675 for a total amount of $4,447,675.  The Merandi Judgment also

imposed a civil monetary penalty of $150,000 against Merandi and further ordered that M&M Financial transfer the full value of the account number 867-814165 at TD Ameritrade to the Commission as partial satisfaction of this judgment.  M&M Financial failed to transfer the funds in the account.  Upon motion by the SEC, on April 25, 2019, the Court entered an Order Directing the Turnover of Funds Held by TD Ameritrade to the SEC [Docket 48].  There have been no payments or collections in satisfaction of Defendants' judgments other than the funds turned over from the two accounts described in this paragraph.

A total of $139,872.47 has been collected (the "Distribution Fund"), pursuant to the White and Merandi Judgments and turnover orders detailed above. The Distribution Fund is currently deposited in an SEC-designated interest earning account with the U.S. Treasury's Bureau of Fiscal Service.  Any future funds paid pursuant to the Defendants' judgments will be added to the Distribution Fund to satisfy outstanding disgorgement, prejudgment interest, and civil monetary penalties.  The current balance of the Distribution Fund, as of March 11, 2021, is $141,635.99.

The appointment of a tax administrator is a necessary precursor to creating a distribution plan for the Distribution Fund, proposing a distribution plan for the Distribution Fund, and ultimately distributing any funds from the Distribution

Fund to investors harmed by Defendants' misconduct. The SEC has submitted a proposed order contemporaneously with the filing of this Motion.

<u>The Court Should Appoint Miller Kaplan as Tax Administrator</u>

The Distribution Fund is a Qualified Settlement Fund ("QSF") under section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. §468B(g), and related regulations. A Tax Administrator, on behalf of the Distribution Fund, should be appointed and authorized to take all necessary steps to enable the Fair Fund to obtain and maintain the status of a taxable QSF, including the filing of all required elections and statements contemplated by those provisions. The Tax Administrator will cause the Distribution Fund to pay taxes in a manner consistent with treatment of the Fair Fund as a QSF. The reasonable costs, fees, and other expenses incurred in the performance of the Tax Administrator's duties would be paid by the Distribution Fund in accordance with the agreement between the SEC and the Tax Administrator.

The SEC recommends the appointment of Miller Kaplan, which is experienced in the taxation of QSFs and has agreed to reasonable fees for its services. In summary, the current agreement with Miller Kaplan provides for compensation for services and expenses as follows:

| SERVICE | FIXED FEE |
|---|---|
| Income tax returns, including items 1-6 (below). | $1,600 |
| Income tax returns, including items 1-6 (below), for funds with assets of $120,000 or less, or are open and closed within the same calendar year. | $700 |
| Loss Carryback (claim for refund) returns | $550 |

Fixed fee tax compliance services include:

1. Obtain a federal tax identification number for the QSF.

2. Prepare and file federal and state income tax returns, as required.

3. Where required, calculate quarterly estimated tax payments and provide information to the Court so that payments may be made timely.

4. Make arrangements with the SEC or its agents to pay tax liability.

5. Calculate and recommend retention of a reserve, if necessary, for penalties and interest to be assessed as a result of any late filing of tax returns and late payment of taxes.

6. Determine and comply with tax reporting obligations of the QSF relating to distributions or payments to vendors, if applicable.

Miller Kaplan has served as a tax administrator on numerous QSF's established by the SEC. The SEC respectfully requests that the Court appoint Miller Kaplan as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to the Fair Fund under this Court's jurisdiction.

<u>The Court Should Authorize Payment of Future Taxes, Fees, and Expenses of the Tax Administrator</u>

In an effort to meet future tax payment deadlines, avoid the assessment of late payment penalties, and make timely payment to the Tax Administrator for services provided, the Commission further requests that Commission staff be authorized to approve and arrange payment of all future tax obligations and Tax Administrator fees and expenses from the Distribution Fund without prior Court approval. Authorizing Commission staff to approve and pay future tax obligation and tax administrator fees and expenses from the Distribution Fund without prior Court Approval will expedite the payment process, reducing the risk of late tax payments and penalties. All tax payments and tax administrator fees will be reported to this Court in the final accounting of the Distribution Fund once the distribution is complete.

**WHEREFORE**, for all the foregoing reasons, the Commission respectfully requests that this Court enters the Proposed Order and grants such other relief as the Court deems just and proper.

DATED: March 11, 2021				Respectfully submitted,


						*/s/ Amy A. Sumner*

						Amy A. Sumner (CO Bar No. 28853)
						U.S. Securities and Exchange
						Commission
						1961 Stout Street, Suite 1700
						Denver, CO 80246
						Phone: (303) 844-1089
						Fax: (303) 295-0538
						Email: sumnera@sec.gov


						Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW E. WHITE,<br>RODNEY A. ZEHNER,<br>DANIEL J. MERANDI,<br>WHITE INVESTMENT GROUPS AND EQUITIES, LLC,<br>THE GRAND EMPIRE PALACE AND RESORT, LLC,<br>GEPR INVESTMENTS TRUST No. 1,<br>GEPR INVESTMENTS, LLC,<br>M&M FINANCIAL, LLC, and<br>MOUNTAINEER DEVELOPMENT & CONSTRUCTION GROUP, LLC,<br><br>Defendants. | Civil Action No. 1:16-cv-02715-TWT |

## [PROPOSED] ORDER TO APPOINT A TAX ADMINISTRATOR

The Court, having reviewed Plaintiff United States Securities and Exchange Commission's ("SEC" or "Commission") Motion to Appoint A Tax Administrator

and to Authorize Future Payments of Tax Obligations and Fees and Expenses and for good cause shown,

**IT IS HEREBY ORDERED:**

1. Miller Kaplan Arase LLP is appointed as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, for all funds under the Court's jurisdiction in this case (the "Distribution Fund").

2. Miller Kaplan Arase LLP shall be designated the Tax Administrator of the Distribution Fund, pursuant to section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. §468B(g), and related regulations, and shall satisfy the administrative requirements imposed by those regulations, including but not limited to (a) obtaining a taxpayer identification number, (b) filing applicable federal, state, and local tax returns and paying taxes reported thereon out of the Distribution Fund, and (c) satisfying any information, reporting, or withholding requirements imposed on distributions from the Distribution Fund. Upon request, the Tax Administrator shall provide copies of any filings to the Commission's counsel of record.

3. The Tax Administrator shall be entitled to charge reasonable fees and expenses for tax compliance services in accordance with its agreement with the Commission.

4.  The Commission staff is authorized to approve and arrange payment of all future tax obligations and tax administrator fees and expenses owed by the Distribution Fund directly from the Distribution Fund without further order of the Court.

Dated:

_____
United States District Judge

3

CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2021, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send notification of the filing to the defendants in this action.

/s/ *Amy A. Sumner*

Amy A. Sumner